IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00627-FDW-SCR

| | |
|---|---|
| **JENNIFER GHERA,** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **WELLS FARGO BANK, N.A.,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court following a blatant failure to comply with the Court's February 5, 2024 Order. (Doc No. 28). The heart of the issue is that Michael Pickman ("Pickman"), "a non-attorney and non-party, seeks this Court's permission to draft and file pleadings and to represent Plaintiff Ghera pursuant to a North Carolina Power of Attorney." Id. at 1.[1]

In this Court's February 5, 2024 Order, the Court: (1) required Plaintiff's attorney Jason Binette to execute the pleadings, motions, and other documents that he filed on behalf of his client Jennifer Ghera ("Ghera" or "Plaintiff") instead of non-party Mr. Pickman; and (2) sought to prevent non-party Mr. Pickman from engaging in the unauthorized practice of law without a license through his attempts to represent Plaintiff Ghera in this case. The Court specifically directed that:

1. In order to avoid any potential prejudice to Plaintiff or her claims, Plaintiff's counsel, Mr. Binette, shall refile any documents submitted, signed, or co-signed by

---
[1] A further statement of the relevant factual and procedural background is set forth in Doc. No. 28 at 1-4.

Mr. Pickman. Consistent with the reasoning in this Order, such pleadings shall be signed by Plaintiff's counsel only and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.
2. Plaintiff's counsel shall update his ECF information, as necessary, and correct his bar number on pleadings going forward.

In the event that Plaintiff's counsel does not comply within this 21-day timeframe, then Plaintiff's counsel shall **SHOW CAUSE** no later than March 4, 2024, and explain the reason.

(Doc. No. 28 at 4). The Court then gave a clear warning: "**Plaintiff, Plaintiff's counsel, and Michael Pickman are warned that this Order is enforceable by the Court's contempt powers and that any further noncompliance may subject them, individually or collectively, to sanctions.**" Id. (emphasis in original). Plaintiff, Plaintiff's attorney of record Mr. Binette, and Mr. Pickman remain noncompliant with the February 5, 2024 Order.[2] None of the documents signed by Mr. Pickman have been replaced. (Doc. Nos. 1, 18, 20, 23, 24, 25 & 26). Nor has Plaintiff's counsel filed any explanation. Due to this disregard for the Court's Order and continued non-compliance as further discussed below, the undersigned respectfully recommends that the District Judge issue sanctions against Plaintiff, Mr. Pickman, and Attorney Binette. The unauthorized practice of law and failure to follow the Court's Order cannot be tolerated in our United States District Court.

"Federal courts have long recognized their inherent power" to issue sanctions "for misbehavior in the judicial process." Pickens v. Hendricks, No. 1:21-CV-00030-MR, 2023 WL 8832423, at *1 (W.D.N.C. Dec. 21, 2023) (citing White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986)). The District Court has the inherent authority to dismiss a case and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). As provided by Rule 41(b), such involuntary dismissals are appropriate when "the plaintiff

---

[2]Although there is a discrepancy concerning Plaintiff's counsel's email address on Plaintiff's most recent filing, compare Doc. No. 31 at 2 and 3, it appears that Plaintiff's counsel's ECF information is correct.

fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019), as amended (June 10, 2019). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a court to consider four factors before dismissing a case: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). Those criteria, however, "are not a rigid four-prong test." Attkisson, 925 F.3d at 625.

Since the Court's February 5, 2024 Order, Plaintiff's only filings have been a Motion to Dismiss Without Prejudice (Doc. No. 29) and a "Motion for Leave for Request for Court to Review its Order" (Doc. No. 31).[3] The later filing consists of this statement: "The Parties named in the Court's February 5, 2024 Order, [ECF 28] respectfully request the Court review the Order. In support, the Parties rely on substantive state law, federal procedural law, case law, the pleadings before the Court, federal and local rules, and mandatory and persuasive authority. . . ." followed by a screenshot of an email exchange between Mr. Pickman and defense counsel wherein Mr. Pickman attempts to gain consent for certain actions he is taking, as a non-attorney, in the case. (Doc. No. 31).[4] In other words, as recently as March 12, 2024, when Doc. No. 31 was filed, Mr. Pickman had not relented from his quest to represent Plaintiff even though he is not a licensed

---

[3] The Court will separately rule on such pending motions.
[4] Wells Fargo notes in its brief that Mr. Pickman is newly labeled as Attorney Binette's paralegal. (Doc. No. 32 at 1 n. 2 (citing Doc. No. 31 at 2)). According to Wells Fargo, Mr. Pickman now claims to be Attorney Binette's paralegal despite not having made such a claim previously. Regardless, considering the actions and impermissible conduct in this case, Pickman may not practice law without a license even if he is a paralegal. See "Guidelines For Use of Paralegal in Rendering Legal Services," North Carolina State Bar, July 23, 2010, available at: https://www.nccertifiedparalegal.gov/guidelines/guidelines-on-the-use-of-paralegals/

attorney and despite the Court's Order. All the while, Defendant has been forced to respond to Plaintiff, Mr. Pickman, and Attorney Binette, and has continued to incur legal expenses.

In considering the degree of personal responsibility and drawn out history, this conduct has continued even after this federal court and two other state courts have told Mr. Pickman and Plaintiff Ghera that such a representation in court by a non-attorney is not permitted. The Wake County Superior Court ruled "North Carolina's Uniform Power of Attorney Act, N.C. GEN. STAT. Chapter 32C, does not permit agents to represent their principal in court as their legal counsel." Ghera v. State of North Carolina, No. 21 CVS 16809, slip op. at 2, (Wake County, N.C. Super. Ct. Apr. 25, 2022). The Union County Superior Court similarly recognized that: "[t]he Court has concluded that Pickman has attempted to represent another person, Ghera, in this Court without being a licensed member of the North Carolina State Bar or indeed of any bar. The Court cannot and does not recognize Pickman's alleged right to represent Ghera in this Court." In Re: Ghera, No. 19SP444 (Union County, N.C. Super. Ct. Dec. 3, 2021). As a result, this Court remains highly concerned about this egregious conduct by both Mr. Pickman and Plaintiff Ghera, which appears undeterred by the Court's prior ruling. As a result, the Court concludes that nothing short of sanctions will suffice.

The concern also remains that Attorney Binette is in some way facilitating Mr. Pickman's attempt to engage in the unauthorized practice of law. See Rule 5.5(f) of the North Carolina Rules of Professional Conduct. The Court recognizes that there is a possibility that through some neglect or infirmity or otherwise, Attorney Binette may be unaware of these events, but nonetheless his signature and bar number are being utilized. For those reasons, in addition to recommending sanctions below, the undersigned will also refer this matter to the North Carolina State Bar as to both Attorney Binette and Mr. Pickman.

In light of the egregious and ongoing non-compliance with the February 5, 2024 Order, the Court easily concludes that sanctions are appropriate. The undersigned respectfully recommends that the presiding District Judge impose the sanction of dismissal of the lawsuit under Rule 41. The undersigned also respectfully recommends that the District Court judge consider imposing a monetary sanction in an amount to be determined for the purpose of deterrence of such conduct.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Court impose sanctions as determined by the District Judge.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, also to Plaintiff's counsel Jason R. Binette at his physical address of record, 3315

Harvey Lane, Monroe, NC 28110, to Michael Pickman, 4008 Lawrence Daniel Drive, Matthews, NC 28014, and the Honorable Frank D. Whitney.

The Clerk is also directed to mail copies of both this Memorandum and Recommendation and the Court's February 5, 2024 Order (Doc. No. 28) to the North Carolina State Bar, Attention: Carmen Bannon, P.O. Box 25908, Raleigh, NC 27611.

**SO ORDERED AND RECOMMENDED**.

Signed: March 19, 2024

Susan C. Rodriguez
United States Magistrate Judge