UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00627-FDW-SCR

| JENNIFER GHERA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 33), that the Court impose sanctions. For the reasons set forth below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendation and finds Plaintiff Jennifer Ghera, Michael Pickman, and Plaintiff's counsel Jason Binette in civil contempt under this Court's inherent authority. The Court agrees with the M&R that dismissal is an appropriate sanction, and ORDERS the parties to file supplemental briefing concerning the appropriate monetary sanction, if any.

### I. STANDARD OF REVIEW

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific

1

error in the magistrate judge's proposed findings and recommendations." Id. The Court, however, is responsible for the ultimate resolution of the case and, absent a timely objection, "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Accordingly, the Court has conducted a careful review of the Magistrate Judge's recommendation.

## II. DISCUSSION

No party objected to the M&R. After careful review, the Court determines the Magistrate Judge's recommendation of involuntary dismissal under Rule 41 as a sanction is supported by the record and applicable law. Further, the factual background and recitation of issues is supported by the record in this case.

In the Fourth Circuit, the court may "sanction for bad faith conduct via [its] inherent authority," even when "no particular procedural rule invests the court with the power to sanction." Balcar v. Bell & Assocs., LLC, 295 F.Supp.2d 635, 640 (N.D. W. Va. 2003) (citing Strag v. Bd. of Tr., 55 F.3d 943, 955 (4th Cir.1995)). Specifically, as also noted in Balcar, the Court may sanction a party "if [it] finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Chambers v. NASCO, Inc., 501 U.S. 32 at 46, (1991) (quoting Universal Oil Prods. Co. v. Route Refin. Co., 328 U.S. 575, 580 (1946)).

The record in this case—as set forth in the unobjected-to M&R—demonstrates a pattern of failure to comply with this Court's Orders and the Local Rules. The Court notes dismissal is a severe sanction and requires an evaluation of Plaintiff's personal responsibility. Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). For this reason, the Court will note specifically that nearly three years ago a North Carolina state court judge ruled that Michael

Pickman, as a non-attorney, could not represent Plaintiff in court. See In Re: Ghera, No. 19SP444 (Union County, N.C. Super. Ct. Dec. 3, 2021). Another state court judge agreed in 2021. Ghera v. State of North Carolina, No. 21 CVS 16809, slip op. at 2 (Wake County, N.C. Super. Ct. Apr. 25, 2022). For this reason and the reasons explained in the M&R, the Court agrees with the M&R that dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 33), is ADOPTED and AFFIRMED and this Court finds Plaintiff Jennifer Ghera, Michael Pickman, and Plaintiff's counsel Jason Binette in civil contempt and concludes DISMISSAL Plaintiff's Complaint, (Doc. No. 1), is an appropriate sanction.

**IT IS FURTHER ORDERED** that the parties are DIRECTED to file supplemental briefing concerning the appropriate monetary sanction, if any, no later than August 23, 2024.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 5), Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 24), Plaintiff's Motion to Dismiss Under Rule 41(a)(1)(A)(i), (Doc. No. 29), and Plaintiff's Motion for Reconsideration, (Doc. No. 31), are DENIED as MOOT. Case to remain open until the Court determines what monetary sanctions, if any, are appropriate.

**IT IS SO ORDERED.**

Signed: August 2, 2024

Frank D. Whitney
United States District Judge